UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BARBARA WOODVINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 16 CV 27 |
| CULVER-STOCKTON COLLEGE, | ) ) |
| Defendant. | ) Jury Trial Demanded ) |

## COMPLAINT

The Plaintiff, Barbara Woodvine, by and through her attorneys at the Law Offices of Kupets & DeCaro, P.C., are complaining of Defendant, Culver-Stockton College., and states the following in support:

### Allegations Common to All Counts

1. This diversity action is brought under 28 U.S.C. § 1332 and 28 U.S.C. § 1391(b)(2), and the damages exceed $75,000.00.

2. Plaintiff, at all relevant times, resided at 1719 E. 1332nd Street, Fowler, Illinois.

3. Defendant Culver-Stockton College (hereafter referred to a "Culver"), has at all relevant times been and, is a private liberal arts college located in Canton, Missouri, Lewis County.

4. Culver was, at all relevant times herein, owner, operator, in control and/or in possession, of the property where Culver-Stockton College sits, and more specifically, the Culver basketball gymnasium.

5. On October 12, 2013, the Plaintiff was an employee of Niemann Foods, Inc. d/b/a

County Market located at 520 North 24th Street, Quincy, Illinois, and was working in the catering department.

6. On October 12, 2013, Defendant Culver hired the County Market to cater an event that was to take place on the Culver basketball court.

7. Before and on October 12, 2013, the County Market employees, including the Plaintiff, were invited to Defendant's property to set-up tables, chairs, place settings and to cater the event the Defendant was hosting on October 12, 2013.

8. The Defendant, through its employees, servants and/or agents covered the basketball court with tarp, and had placed the tarp to the basketball floor.

9. On October 12, 2013, while the Plaintiff was placing salt and pepper shakers on a table on the Defendant's basketball court when her foot got caught on an opening in the tarp, or an unsecured portion of the tarp, causing her to fall causing serious injuries to the Plaintiff.

**Count I- Premise Liability**

10. Plaintiffs herein re-alleges and re-avers all of the allegations states in Paragraphs 1 through 9 as if fully set out and repeated as this Paragraph 10.

11. On or before October 12, 2013, the Defendant knew or could have known that the condition of the tarp on the Culver basketball court was not reasonably safe and that a person, like the Plaintiff, using ordinary care for her own safety could not reasonably be expected to discover the dangerous condition that caused her to fall and injure herself.

12. On the aforementioned date and time, it was the duty of the Defendant, Culver, to exercise reasonable care for the safety of Plaintiff; yet notwithstanding said duty, Defendant was guilty of one or more of the following acts or omissions:

(a) Negligently, carelessly and improperly installed, and/or failed to properly

supervise the installation of, the tarp on the gym fall;

(b)  Negligently, carelessly and improperly failed to repair opening contained in the tarp prior to inviting the plaintiff to work on the tarp;

(c)  Negligently, carelessly and improperly failed to warn the plaintiff of the openings in the tarp prior to inviting her to work on the tarp;

(d)  Negligently, carelessly and improperly failed to inspect the tarp prior to inviting the plaintiff to work on the tarp; and,

(e)  Negligently, carelessly and improperly failed to make the tarp reasonably safe for the plaintiff to work on.

13.  As a proximate result of the defendant's conduct, the plaintiffs, each, suffered damages, including but not limited to, medical expenses, wage loss, disfigurement, disability, loss of a normal life, pain and suffering.

WHEREFORE, Plaintiff, Barbara Woodvine, seeks a judgment against Defendant, Culver-Stockton College, in an amount in excess of $500,000.00, as well as any costs or fees that the Court deems appropriate.

### Count II- Negligence

14.  Plaintiffs herein re-alleges and re-avers all of the allegations states in Paragraphs 1 through 9 as if fully set out and repeated as this Paragraph 14.

15.  On the aforementioned date and time, it was the duty of the Defendant, Culver, through its employees, servants and/or agents, to exercise reasonable care for the safety of Plaintiff; yet notwithstanding said duty, Defendant was guilty of one or more of the following acts or omissions:

(a)  Negligently, carelessly and improperly failed to properly and/or safely

        secure the tarp to the basketball court;

(b)    Negligently, carelessly and improperly failed to insure that the tarp was safe to work on and walk on;

(c)    Negligently, carelessly and improperly failed to warn the plaintiff of the openings in the tarp prior to inviting her to work on the tarp; and,

(d)    Negligently, carelessly and improperly failed to inspect the tarp prior to inviting the plaintiff to work on the tarp;

16.    As a proximate result of the defendant's conduct, the plaintiffs, each, suffered damages, including but not limited to, medical expenses, wage loss, disfigurement, disability, loss of a normal life, pain and suffering.

WHEREFORE, Plaintiff, Barbara Woodvine, seeks a judgment against Defendant, Culver-Stockton College, in an amount in excess of $500,000.00, as well as any costs or fees that the Court deems appropriate.

Plaintiff demands a trial by jury.

_____
Dennis J. DeCaro

Kupets & DeCaro, P.C.
77 W. Washington Street, 20 Floor
Chicago, Illinois 60602
Federal Bar Number: 6230675IL
Telephone: 312-372-4444
Fax: 312-726-7347
E-mail:ddecaro@kupetsdecaro.com